## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JORDAN HOLLEY,<br><br>Defendant. | Case No. 25-mj-215 |

### SUPPLEMENTAL INFORMATION IN SUPPORT OF THE GOVERNMENT'S MOTION FOR REVIEW AND APPEAL OF RELEASE ORDER

The United States of America, by and through its undersigned counsel, respectfully supplements its Motion for Review and Appeal of Release Order, filed September 16, 2025. For brevity, the government will not recite its previous statement of facts and procedural background.

### ADDITIONAL FACTS

On September 17, 2025, law enforcement began searching Mr. Holley's devices. That search is ongoing. However, law enforcement has already found two chats in which Mr. Holley discusses the sexual exploitation of children with women.

Mr. Holley exchanged texts with a woman (S-1) between September 30, 2023 and February 27, 2024. On October 17, 2023, S-1 asked Mr. Holley, "what's the youngest pussy you ever had." Mr. Holley said, "Youngest I ever had was 10. I took her virginity in front of her parents." Mr. Holley claimed he was eighteen years old. Mr. Holly proceeded to describe the encounter in detail: "At first [she] cried due to the size but once I was about 6 strokes in she was smiling, giggling and laughing. She loved it . . . Her feet and toes tasted like sweet strawberries. Pussy and asshole like sweet cherries. Tits like sugar and kissing her tasted like my BBC which is always an amazing flavor."

S-1 asked Mr. Holley what the youngest age was he would have sex with. Mr. Holley said,

"As young as possible. Age means nothing to me." S-1 then told Mr. Holley that she fantasized about her "friend's daughter" with "a bbc." S-1 clarified that this was "strictly fantasy" and "strictly talk." Mr. Holley said, "ima make fantasies that you have that you want to come true, I will make come true. No matter what it is . . . The ones that are talk, will be talk of course. But the ones you want for real, it will happen. I wont say no."

S-1 then asked again, "what is youngest you would fuck now." Mr. Holley said, "Youngest id fuck is 5." He went on to say, "Im willing to go under 10 if it fits. I love 12+, especially a young teen 13 or 14. The best. Many virgins to BBC at that age. I'll fuck anyone 12+ that you want me to, and it will remain between us . . . if you ever met anyone and thought it was possible, we can make it happen."

S-1 then sent Mr. Holley photographs of a young girl, clothed in bathing suits. Mr. Holley responded, "Shes so cute.. I would give her the BBC and black her so deep that she's addicted to nigger cock . . . A cute smile. A pretty face that id rest my nuts on anyday. Ginger hair, and a slim young body that will make me hard for eternity."

On November 14, 2023, S-1 again asked Mr. Holley if he had ever had sex with a minor. Mr. Holley said, "Yes I have. In real like I have." Mr. Holley said he had sex with children ages eight, eleven, thirteen, and sixteen. S-1 asked Mr. Holley if he had any "pics or vids," and Mr. Holley said, "[t]he couples have all the content. I was just there to perform and do as told." Mr. Holley also said, "I am addicted to sex so I never felt bad or hesitated to agree."

Mr. Holley also exchanged texts with a second woman (S-2) between February 5, 2025 and February 14, 2025. Mr. Holley and S-2 discussed their sexual interest in each other, and the conversation led to the sexual abuse of S-2's seven-year-old daughter:

    Mr. Holley: What are you willing to do for your Lord?
    S-2: Anthony. My daughter.
    S-2: Anything*

2

> Mr. Holley: Good. Speaking of your daughter, she will be apart of this.
> S-2: How Lord?
> Mr. Holley: I'm going to fuck her like I will you
> S-2: She's young
> Mr. Holley: Good. More time to groom her into a BBC worshipper like you
> S-2: How will you do that
> Mr. Holley: Spend time watching porn with her and slowly introducing her to BBC. As she gets older, I will be her first experience.
> S-2: How will you introduce her
> Mr. Holley: When we watch porn together, she will sit on my lap. I will be wearing shorts, no underwear. She will feel my bulge. Overtime, she will be comfortable the more she touches it. And will be presented with the chance to pull the shorts down to reveal the BBC

Mr. Holley then tells S-2 that she "will help hold her down" for Mr. Holley "to take her virginity." S-2 clarified that her daughter was seven years old, saying, "Ur going to take her virginity at 7," and Mr. Holley says, "Yes I will." Mr. Holley proceeded to describe in graphic detail how he would have sex with the child: "No ima be rough. Ima hold her legs open and force it in her so that hole is wrapped around my dick."

S-2 asked if Mr. Holley had done "that" before, e.g., having sex with a child. Mr. Holley said, "Yes I have," and said that the child was nine years old. He added that, "she wanted it."

## ARGUMENT

As is apparent from the messages, Mr. Holley has exhibited a pattern of discussing the sexual exploitation of children for at least the past two years. This Court is left with two conclusions. If the Court accepts Mr. Holley's statements at face value, he has previously sexually abused multiple children and had repeatedly expressed interest in doing so again. If the Court views these messages as mere fantasy or roleplay, then traveling to DC to meet the UC is a stark escalation that endangers the community.

Notably, on September 16, 2025, Judge Lamberth issued a Memorandum Opinion in *United States v. Joseph Farina*, 25-cr-232 (RCL) in which he denied the defendant's motion for pretrial release in a case where the defendant was charged with one count of distribution of child

pornography. ECF 23. In that case, the defendant had "an exceptional record of academic achievement and community service, as well as a lack of any criminal history." *Id.* at 6. Multiple family members and friends wrote in favor of pretrial release. *Id.* Further, the defendant had a "group" of third-party custodians, including both parents and other family members. *Id.* at 7.

The Court noted that the government "characterized Defendant's conduct as escalating over time, moving from chats about CSAM, to an admission that he 'couldn't stop thinking about it,' to 'proactive conduct'—culminating in Defendant agreeing to meet up with the UC." *Id.* at 3. The Court nonetheless kept the defendant detained:

> However, these characteristics, though impressive, do not bear on the risk the Defendant poses to the community. Nor do they explain what appears to be a growing interest in consuming CSAM materials. In his Signal messages, Defendant states that he wants to try "going deeper" and that "[t]he urges don't go away just bc I want them to ha." Mem. in Support of Pre-TrialDetention, ECF No. 7, at 13. In other messages, Defendant states an interest in performing sexua lacts on "a little baby" and meeting up with a fictional child that the undercover agent purported to have access to. *Id.* at 13–14. Defendant's impressive background has not previously mitigated his desire to consume CSAM materials, nor could it reasonably be expected to do so if Defendant were released.

*Id.* at 6.

The Court agreed with the government that "allowing Defendant's family members to serve as his custodians 'would be entrusting the community's safety' to individuals 'who aren't trained and wouldn't be.' The government is rightfully concerned that these family members 'would not be able to sufficiently mitigate the risk that this offender poses given what we know about his conduct and the trajectory that he appears to be on.'" *Id.* at 7 (internal citation omitted). Ultimately, "because the danger posed is so great," the Court found that there were no conditions of release that could ensure community safety. *Id.* at 8.

As stated above, if the defendant's own statements are taken at face value, he is a serial sex offender who has sexually abused multiple children. However, if not taken at face value, the Court is left with the conclusion that Mr. Holley has drastically escalated his illicit fantasy into reality by

traveling to DC to rape a nine-year-old girl and take videos of the sexual abuse. Further, he has referred to being "addicted" to sex. Notably, his profile on the fetish website indicated that he was the member of 182 groups on the website, including one entitled, "18F, 19F, 20F, 21FF New, EASY & EAGER young GIRLS." Mr. Holley's statements and actions show that his sexual urges are essentially compulsions. In *United States v. Victor Blythe*, 25-cr-253 (DLF), the Magistrate Judge expressed concern about this very type of behavior: "This case involves compulsive behavior done in secret. Such cases often involve individuals who wish to impede law enforcement and avoid detection of their criminal activities. More, the alleged criminal conduct with which Defendant is charged occurred over the span of many years without detection by his family or community members." ECF 19-1 at 7.

## CONCLUSION

Nothing short of detention is adequate to protect the community in this case. The government respectfully requests that this Court reverse the magistrate court's release order and detain the defendant pending trial.

Respectfully submitted,

JEANINE FERRIS PIRRO
UNITED STATES ATTORNEY

Dated: September 18, 2025    By:  */s/ Rachel Bohlen*
Rachel Bohlen
D.C. Bar No. 1010981
Assistant United States Attorney
United States Attorney's Office
for the District of Columbia
601 D Street NW
Washington, DC 20530
(202) 809-3575
rachel.bohlen@usdoj.gov